# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| LANG LEONARD,<br>      Plaintiff,<br><br>vs.<br><br>KYLE HOWE, individually and in his official capacity as a law enforcement officer for the Toledo Police Department; and CITY OF TOLEDO, IOWA.<br>      Defendants. | Case No.<br><br>COMPLAINT AND JURY DEMAND |

**COMES NOW,** the Plaintiff, Lang Leonard, by and through his undersigned counsel, and for his causes of action, state as follows:

## PARTIES

1. Lang Leonard (hereinafter "Lang" or "Leonard") is a United States citizen and was a resident of Tama/Toledo, Tama County, Iowa at all times relevant to the events complained of herein.

2. Defendant Officer Kyle Howe (hereinafter "Officer Howe") is believed to be a citizen and resident of Iowa and was employed as a Police Officer for the Toledo Police Department at all times relevant to the events complained of herein.

3. Defendant City of Toledo, Iowa (hereinafter "Toledo") is a municipal corporation organized and authorized to operate under the laws of Iowa and is located at 1007 S Prospect Drive, Toledo, Tama County, Iowa. Defendant City is

responsible for maintaining and operating the Toledo Police Department.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3).

5. The supplemental jurisdiction of this Court to hear and decide the pendent claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

6. All events and actions referenced in Complaint occurred in the Northern District of Iowa, therefore venue is proper under 28 U.S.C § 1391(b)(2).

## FACTUAL BACKGROUND

7. On or about Tuesday, February 7, 2023, at approximately 1800 hours, a search warrant was executed on Leonard's residence of 200 N. Green Street, Toledo, Iowa. *See* Ex. 1 (search warrant).

8. The search warrant was issued in connection with Tama County juvenile case number JVJV003955. The juvenile case is a Child In Need of Assistance case stemming from Leonard's minor child testing positive for methamphetamine. *See Id.*

9. Nowhere in said search warrant was Leonard suspected of being armed or dangerous. The only items officers were looking for were items in violation of Iowa Code § 124.401 (controlled substances) and 124.414 (drug paraphernalia). *See Id.*

10. Officer Howe was involved in the execution of this search warrant.

11. On a supporting officer's body-camera footage at 18:02, Officer Howe can be seen approaching the door to Leonard's residence. *See* ex. 2 (police body camera).

12. Officer Howe can be heard yelling "police, search warrant! Police, search warrant."

13. While executing the search warrant Officer Howe immediately began to kick down Leonard's door.

14. Once Leonard's door was forcefully opened, Officer Howe can be heard screaming "let me see your hands!"

15. Leonard was in the area immediately within the doorway as he was going to open the door for the Officer Howe.

16. Officer Howe can then be heard screaming "get on the ground!"

17. Leonard can be heard questioning the officers about what is happening and in mere seconds complies with Officer Howe's orders to get on the ground.

18. Leonard can be seen getting on the ground at 18:02:22 in the supporting officer's body-camera footage as Leonard's body temporarily blocks on officer's flashlight as he is complying with Officer Howe's orders.

19. At 18:02:23, Kyle Howe is again heard screaming "get on the

ground!"

20. Leonard immediately responds, "I am on the ground."

21. Officer Kyle Howe again yells, "get on the ground" to which Leonard again responds, "I am on the ground. What?"

22. At 18:02:27, Officer Howe and another officer can then be seen slamming Leonard, who was on his knees, face first into the ground.

23. Officer Howe never specified how Leonard was to be positioned on the ground.

24. At 18:02:30, Officer Howe yells, "put your hands behind your back!" Officer Howe is now on top of Leonard with his knee and entire body on Leonard's back.

25. Leonard's hands are trapped underneath his body as Officer Howe is on top of him.

26. At 18:02:31, a supporting officer can be heard yelling, "do you wanna get tased?"

27. At 18:02:32, Officer Howe can be heard yelling, "taser, taser, taser!" Officer Howe is alerting other officers that he is using his taser on Leonard. Leonard can be heard cry out, "ow, ow, ow!"

28. Officer Howe uses his taser on Leonard for approximately twenty-four seconds. All the while, Officer Howe is either slamming Leonard's head into

the ground, kneeing Leonard in the back or has Leonard in a chokehold.

29. Officer Howe, as he's tasing Leonard with his full body weight on Leonard's back can be heard yelling, "stop resisting!"

30. Leonard's movement is stiff as he is being tased and cannot operate his muscles properly. Leonard was not resisting, he was being assaulted.

31. Once Officer Howe stops tasing Leonard, he then moves his hands behind his back and follows commands.

32. Officer Howe then tells Leonard that he is under arrest for "interference."

33. The "interference" that Officer Howe was referring to was of Officer Howe's own making.

34. To further assault and injure Leonard, at 18:03:08, Howe can be seen placing his taser in the middle of Leonard's back and using the taser, with Howe's entire body weight on it, as way to stand himself up.

35. Leonard then asks why the search warrant is being executed and Toledo Chief of Police, Dan Quigley, responds, "well you didn't give us enough time to explain that." The entire encounter lasted just over one minute.

36. There was never a need for this execution of a search warrant to get physical; Officer Howe finds pleasure in hurting the citizens he swore to protect.

37. At 18:06:31, Leonard can be seen bleeding from his forehead. This

was caused by Officer Howe forcing Leonard's head into the ground as Leonard was attempting to comply with Howe's orders.

38. Officers then proceed to search the residence.

39. At 18:13:26, Officer Howe can be seen wearing a body camera and said body camera can be seen clearly blinking – indicating that it is on and recording.

40. Efforts were made retrieve Howe's body-camera footage, in-person, from Police Chief Dan Quigley. Police Chief Quigley stated that Officer Howe's camera footage did not exist. Quigley did not state that video existed but was corrupted, but rather there was no record of it existing.

41. Officer Howe intentionally deleted camera evidence of him assaulting Leonard in order to hide it. This is a common scheme in attempting to locate Officer Howe's camera footage and is outlined in the multiple other lawsuits against Officer Howe which are being filed relatively soon.

42. Officer Howe executed the above-mentioned search warrant with the intent to assault and injure Leonard.

43. Officer Howe resigned on April 25, 2023, after being investigated for use of excessive force and lying on government documents.

44. Because of Officer Howe's actions, Leonard endured mental and emotional distress, from which he continues to suffer.

# CAUSES OF ACTION

## COUNT I
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE
### UNITED STATES CONSTITUTION
### *Right to be Free from Excessive Force*
### (against all defendants)

45. Plaintiff repleads paragraphs 1 through 44 as if fully set forth herein.

46. Defendant Kyle Howe is a person for the purposes of a Section 1983 action for damages.

47. At all times material hereto, Officer Howe's actions and/or omissions were made under the color of authority and law as a officer for the Toledo Police Department.

48. On or about February 7, 2023, Officer Howe violated Plaintiff's clearly established constitutional rights, to wit: by using excessive force in the execution of a search warrant on Leonard.

49. Officer Howe violated Leonard's Fourth and/or Fourteenth Amendment Right under the United States Constitution to be free from excessive force.

50. The use of force Officer Howe employed while confronting Leonard was excessive, unreasonable, and unnecessary under the circumstances.

51. Officer Howe demonstrated a deliberate indifference to and/or reckless

disregard of Leonard's civil and constitutional rights by their use of force against him.

52. Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Leonard's civil rights, justifying an award of punitive damages.

53. As a direct and proximate result of Officer Howe's illegal and unjustified conduct, Leonard was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

    a. Deprivation of his constitutional rights;

    b. Humiliation, degradation, past and future emotional distress, and past and present loss of function of mind and body;

    c. Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

    d. Punitive damages;

    e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C.§1988.

**WHEREFORE,** the Plaintiff, Leonard, prays for Judgment against the Defendants Officer Howe and the City of Toledo as follows:

    a. Compensation for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.  Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

c.  Punitive damages; and,

d.  Such relief as the Court deems just and equitable.

## COUNT II
## FALSE ARREST
### (against all defendants)

54. Plaintiff repleads paragraphs one 1 through 53 as if fully set forth herein.

55. On February 7, 2023, Leonard was detained and restrained against his will.

56. Leonard's detention and restraint was effectuated by Officer Howe.

57. The detention and restraint by Officer Howe was a cause of Leonard's damages, including incurring attorney fees and costs associated with defending against the criminal charge.

58. Officer Howe's detention and restraint of Leonard was without probable cause as Leonard was not a threat and complied with order.

59. Based upon the facts known to Officer Howe, no reasonable officer could believe probable cause existed to arrest Leonard.

60. Officer Howe acted with malice in the detention and restraint of Leonard.

61. Officer Howe's actions were willful, wanton, unlawful, and in gross

disregard of Leonard's rights and reputation, justifying an award of punitive damages.

62. Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Leonard respectfully requests judgment against Defendant Kyle Howe and city of Toledo in an amount which will fully and fairly compensate for his mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT III
### BATTERY
**(against all defendants)**

63. Plaintiff repleads paragraphs 1 through 62 as if fully set forth herein.

64. Officer Howe slammed Leonard's face to the ground causing bleeding and tazed him relentlessly with no reason to do so.

65. The acts were done with the intent to cause physical pain or injury.

66. The acts of Officer Howe resulted in physical pain and injury, as well as insulting or offensive bodily contact.

67. The acts of Officer Howe was a cause of Leonard's damages.

68. Officer Howe acted with malice toward Leonard.

69. Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Leonard's rights and reputation, justifying an award of punitive damages.

70. Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Leonard, respectfully requests judgment against Defendants in an amount which will fully and fairly compensate Leonard for his physical, mental, and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

**COUNT IV**
**ASSAULT**
**(Against all defendants)**

71. Plaintiff repleads paragraphs 1 through 70 as if fully set forth herein.

72. Officer Howe slammed Leonard's face to the ground causing bleeding and tazed him relentlessly.

73. The acts were done with the intent to cause Leonard to fear physical pain or injury.

74. Leonard reasonably believe that the act causing physical pain or injury would be carried out immediately.

75. The acts of Leonard's were a cause of Leonard's damages.

76. Officer Howe acted with malice toward Leonard.

77. Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Leonard's rights and reputation, justifying an award of punitive damages.

78. Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendant's behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Leonard, respectfully requests judgment against Defendants in an amount which will fully and fairly compensate Leonard for his physical, mental, and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT V
## NEGLIGENT SUPERVISION AND TRAINING
### (City of Toledo)

79. Plaintiff repleads paragraphs 1 through 78 as if fully set forth herein.

80. Defendants City of Toledo were the employers and/or supervising Officer Howe.

81. As the employer, Defendant have a duty to exercise reasonable care in the hiring, retention and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

82. Defendants breached their duty in the negligent and reckless supervision and training of Officer Howe as it relates to his excessive force, initiating malicious prosecutions, abusing the legal process, and committing assault and/or battery in their roles as law a enforcement officer for the Toledo Police Department.

83. Defendants knew, or in the exercise of ordinary care should have known, of the incompetence, unfitness, and dangerous characteristics of Officer Howe.

84. The incompetence, unfitness, and dangerous characteristics of Officer Howe was a cause of damage to Plaintiff.

85. These Defendant's negligence was a proximate cause of Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, Leonard respectfully requests judgment against Defendant City of Toledo, Iowa in an amount which will fully and fairly compensate him for his mental and emotional injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### COUNT VI
### RESPONDEAT SUPERIOR
### (Against Defendant City of Toledo)

86. Plaintiff repleads paragraphs 1 through 85 as if fully set forth herein.

87. At all times material hereto, an employer-employee relationship

existed between the City of Toledo, Iowa, as the employer, and Officer Howe as the employee.

88. At all times material hereto Officer Howe was acting within the scope of his employment with City.

89. Under the doctrine of respondeat superior, City Toledo is liable for the aforementioned conduct and/or omissions of Officer Howe.

90. As a result of the conduct and/or omissions of Defendant, Plaintiff sustained damages and injuries as previously set forth in this Complaint.

**WHEREFORE**, the Plaintiff, Leonard respectfully requests judgment against Defendant City of Toledo in an amount which will fully and fairly compensate for his mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### COUNT VII
**Violation of Substantive Due Process**
**(Against all defendants)**

91. Plaintiff repleads paragraphs 1 through 90 as if fully set forth herein.

92. Defendants' misconduct alleged above was outrageous and shocking to the conscience, in violation of Plaintiff's substantive due process right to personal security as guaranteed by the 14th Amendment of the United States Constitution.

93. Defendants intentionally and recklessly failed to investigate before filing criminal complaints against Plaintiff.

94. Defendants' misconduct directly and proximately caused Plaintiff to suffer injury, including shock, extreme emotional distress, and humiliation.

**WHEREFORE**, the Plaintiff, Leonard, respectfully requests judgment against Defendants in an amount which will fully and fairly compensate him for mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT VIII
### Negligence
### (Against All Defendants)

95. Plaintiff repleads paragraphs 1 through 94 as if fully set forth herein.

96. Defendants' acts, omissions, and misconduct alleged in this Complaint constituted a breach of their duty Plaintiffs to avoid causing the harm alleged and avoid and prevent violation of Plaintiff's constitutional, statutory, and common law rights.

97. The breach was a substantial factor in causing the injuries and damages suffered by Plaintiff as alleged.

**WHEREFORE**, the Plaintiff, Leonard respectfully requests judgment against Defendants in an amount which will fully and fairly compensate Leonard

for his physical, mental, and emotional injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff is entitled to a jury.

BY: */s/ Chad R. Frese*
Chad R. Frese AT0002704
KAPLAN & FRESE, LLP
111 East Church Street
Marshalltown, Iowa 50158
Phone: (641) 753-5549
Fax: (641) 753-0962
Email: chad@kaplanfrese.com
ATTORNEYS FOR DEFENDANT


By: */s/ Taylor Reichardt*
Taylor Reichardt AT0014120
KAPLAN & FRESE, LLP
111 East Church Street
Marshalltown, Iowa 50158
Phone: (641) 753-5549
Fax: (641) 753-0962
Email: taylor@kaplanfrese.com
ATTORNEYS FOR DEFENDANT